H. Stanley Bent, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket No. 18458.   Promulgated February 28, 1930.

*Julius V. Patrosso, Esq.*, and *W. H. Teasley, C. P. A.*, for the
petitioner.

*J. E. Mather, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent determined a deficiency for 1920 and overassessments for 1919, 1921, and 1922. As to the latter, the

Board is without jurisdiction, *Cornelius Cotton Mills*, 4 B. T. A. 255, and numerous later decisions; Roberts Manual, Part I, p. 540.

The item as to alleged net loss of 1919 has apparently been abandoned, as there is neither evidence nor argument in respect of it.

The petitioner assigns and respondent concedes an error in shifting a deduction of $1,102.40 for expense from 1922 to 1920. The facts do not appear, so we must accept the mutual concession and require that the net income of 1920 be increased by this amount.

The principal contention of the petitioner is that the partnership income should be computed each year on an annual accrual basis. This is predicated upon the view, looking at Revenue Act of 1918, section 212, that this is in accordance with the method of accounting regularly employed and that such method clearly reflected its income. The respondent, in determining the deficiency, has adhered to the method of computation adopted by the partnership in its tax returns and consistently used for many years, including 1920, namely, the so-called long-term contract method. By this method, net income from each contract has regularly been computed in the year of its completion. The petitioner, notwithstanding its practice since 1913 of filing returns on the long-term contract basis and its use of that basis in the return for 1920, now seeks to overthrow this deficiency by having this method set aside and the annual method substituted. The argument by which this is attempted to be supported is that its accounts have been kept that way, and this is sought to be demonstrated by showing that the accounts at the end of each year contain data disclosing gross income accrued and deductions incurred.

It is true that monthly estimates and receipts of each project were accounted for monthly, and its costs and expenses were entered as incurred. They were entered, however, not in general accounts, but in specific contract accounts, and were not carried into the earnings of the business until the project was completed. Meanwhile, costs of labor and material, and expenses, direct and indirect, so charged in the project account were treated as investment in the project and carried as an asset on the books; and compensation so accrued monthly and credited in the project account was treated " as a reduction of cash investment in the project." Not until the completion of the project were these carried into profit and loss to determine gain or loss in the business.

This in our opinion shows that the partnership's and the petitioner's returns were properly made on the long-term contract basis, that this was in accordance with the accounting method regularly employed, and respondent was fully justified in adopting this method in auditing the return. See *James C. Ellis et al.*, 16 B. T. A. 1225. The fact that some of the contracts were performed within a year

and some took longer, creates no inconsistency in the method and does not detract from a clear reflection of income. It is not controlling that the primary accounts were currently kept so as to permit net earnings to be calculated at the end of each year. This is merely saying that all financial items were honestly recorded when they occurred, which is a postulate of any system of accounts. The method of accounting is not determinable alone from this, but is reflected rather by the system in which these primary entries were carried forward to ascertain periodical gains or losses. When, as here, the specific project accounts have been withheld from profit and loss until the completion of the project and this in disregard of any intervening annual period, it can not be said that the taxpayer's accounting method is one of the annual accrual of net income.

Furthermore, since the deficiency has been determined by this method and petitioner has not established what in fact was the income resulting from the method he suggests, with the consequent tax liability, the deficiency could not be set aside on the record in any event.

*Judgment will be entered under Rule 50.*